JOSEFA BOSCIO DE VILÁ, Plaintiff and Appellant, *v.* ISABEL, VILÁ MARTÍNEZ, Defendant and Appellee.

No. 9458. Argued June 5, 1947.—Decided July 15, 1947.

*José Ruiz de Val* for appellant. *Mariano Acosta Velarde* for appellee.

Mr. Justice de Jesús delivered the opinion of the Court.

The facts of this case, as set forth in the complaint, may be summarized thus:

By deed No. 63 of May 18, 1927, before Notary Rodolfo Ramírez Pabón, appellant and her husband, Luis Vilá Andino, purchased for the conjugal partnership a lot situated in Río Piedras. Subsequently, they built thereon a two-story concrete house. Two years later, for reasons not stated in the complaint, appellant and her husband simulated a sale of the house and the lot to Isabel Vilá Martínez, daughter of Vilá and appellee herein, by deed No. 1 of April 17, 1929, before Notary Agustina Cámara. It was stated in the deed that the purchase price was $8,000, which appellant and her husband admitted having received from the supposed purchaser prior to the execution of the deed. The purchaser further assumed the obligation to pay three mortgages which encumbered the property for the total value of $6,236. The alleged vendors remained in possession of the property exercising acts of ownership,[1] among them, a mortgage which appellant and her husband executed by deed No. 93 of March 28, 1936, before Notary Rafael Buscaglia, in favor of the Home Owners Loan Corporation, to secure a loan for the amount of $5,475.85 payable in monthly installments, according to the tables of redemption set up by the creditor. These installments are being paid with the rents of the property and with the amount of the aforesaid loan they cancelled, the three mortgages amounting to $6,236 which defendant simulated to assume. Neither in the loan transaction with the Home Owners Corporation nor in the cancellation of

---

[1] As we shall see later, the alleged purchaser did not record her title in the registry of property until February 7, 1938.

the aforesaid three mortgages defendant intervened. After having carried out these transactions, about January 13, 1938, Luis Vilá Andino died and on the seventh[2] of the following month, the defendant presented in the registry the deed which had been executed in her favor by her father and her stepmother nine years before. The property was recorded in her favor at folio 25 of Volume 115 of Río Piedras, property No. 4301, ninth entry. It is alleged that the defendant refuses to acknowledge appellant's right to one-half of the house and lot as her portion of the community property, as well as the usufructuary share to which she is entitled in the inheritance of her deceased husband. The complaint prays that judgment be rendered annulling said deed of April 17, 1929; that the record in the registry of property be cancelled and that judgment be rendered declaring appellant owner of a condominium of said property, consisting in one-half thereof, as conjugal property, besides her usufructuary share.

In the answer it is denied that the sale was simulated. Defendant accepts that she did not take part in the transaction with the Home Owners Loan Corporation because her deed of sale had not yet been recorded, because her father was more familiar than her with such business matters, and because her work as teacher left her no time to attend to that business. The answer denies that the three mortgages which defendant assumed had been paid with the loan made from the Home Owners Loan Corporation and it alleges that the installments have been paid by defendant with her own money. Lastly, it alleges that she is in possession of the property.

As matters of defense, she set up that the complaint does not state facts sufficient to constitute a cause of action because the latter is barred under §§ 1228 and 1253 of the Civil

---

[2] In her answer, appellee alleges that the deed was presented in the registry on February 1, 1938, and recorded on the seventh of the same month.

Code (1930 ed.), and that there is a misjoinder of parties because Luis Vilá Andino left, besides defendant, two other legitimate daughters named Pilar and María Cristina Vilá Martínez, who, according to the averments in the complaint, are necessary parties to the action. The answer prays that the complaint be dismissed, but in case it should be decided that the property does not belong to the defendant, that plaintiff be adjudged to pay the money paid by defendant to redeem the property, with costs, expenses, and attorney's fees.

At the trial, appellant was called to the witness stand and when she testified that Luis Vilá Andino was her husband, defendant's counsel alleged that since plaintiff was an heir of her husband, inasmuch as she claimed her usufructuary share, she could not be a witness in this case and relied on § 3 of an Act to define who are competent witnesses, etc., approved March 10, 1904,[3] and *De la Rosa* v. *Quevedo,* 47 P.R.R. 665.

The lower court reached the conclusion that plaintiff is suing as heir of her husband Luis Vilá Andino, seeking to annul a contract of sale executed by her and the deceased in favor of the defendant, and consequently that this action is brought by an heir, the action springing from a transaction with the deceased. Since plaintiff's attorney stated at the trial that he had no other evidence to prove her cause of action the court rendered judgment dismissing the complaint, with costs on the plaintiff plus $150 as attorney's fees.

■ The rule of evidence invoked by appellee has been regarded by Wigmore as deplorable in every respect, 2 Wig-

[3] Section 3 of the Act to define who are competent witnesses, etc., reads thus:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this section shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent.

more, Evidence (3d. ed. 1940, § 578, and this Court, following his opinion, has refused to extend the rule by judicial construction or to exclude testimony which does not fall clearly within the terms of the statute. *Viera* v. *Heirs of Goitía*, 60 P.R.R. 637; *Colón* v. *Succession of Tristani*, 45 P.R.R. 219; and *Saunnión* v. *Díaz*, 29 P.R.R. 572.

If we examine the complaint in the present case, we shall see, that although the plaintiff claimed her usufructuary share to which she is entitled as heir of her husband, she also claimed her one-half of the conjugal property and this later claim is in her own right and not as heir. It is unquestionable that if the plaintiff had merely claimed her portion of the conjugal property, without claiming her usufructuary share, there would be no controversy as to this point, because in that event § 3 would be inapposite. And plaintiff could have done this, because the rights to claim conjugal property and to receive her usufructuary share, are two independent and separable rights. Therefore, by amending the complaint so as to strike everything concerned with the usufructuary share, the case would be taken out of the prohibition of § 3, thus permitting us to do justice if the facts alleged in the complaint are true.

Defendant urges that independently of § 3 the judgment should be affirmed because in the deed of sale it was stated that she assumed the payment of the three mortgages which encumbered the property in the amount of $6,236; and since the amount of $760.15 had already been paid, with the rents of her house, at the time that the mortgage deed was executed in favor of the Home Owners Loan Corporation for $5,475.85, said $760.15 were paid by her, and this payment constitutes sufficient cause or consideration to uphold the sale.

It is clearly stated in the complaint that the sale was simulated. Consequently, the amounts paid with the rents

of the house belonged to the owners, the alleged vendors, since it was expressly alleged that said payments were made by them and not by defendant.

■■ The plea of prescription invoked by defendant lacks merit. A simulated contract is nonexistent. It cannot become valid by the lapse of time and an action to destroy a simulated obligation or contract may be brought at any time. Manresa, *Código Civil Español* (1901 ed.), Vol. 8, p. 733.

We would agree with the defendant in her defense of non-joinder of parties if plaintiff should not strike from her complaint the claim to the usufructuary share. But if after making this amendment, no other claim is set up by the plaintiff as heir of her husband, his other daughters would not be necessary parties to the action.

For the reasons stated, the judgment is set aside and the case remanded to the lower court with instructions to allow the complaint to be amended and continue the proceedings in a manner not inconsistent with the principles set forth in this opinion.